SAMUEL D. FULLER *vs.* JOSEPH G. RUSSELL.

In computing the three years after entry for breach of condition of a mortgage, within which, under the Rev. Sts. c. 107, §§ 1, 13, 18, the mortgagor may bring his bill to redeem, the day of the entry is to be excluded.

BILL IN EQUITY, filed on the 11th of April 1854, to redeem land from a mortgage under which the defendant had duly entered for foreclosure on the 11th of April 1851. Demurrer, on the ground that the defendant had been in peaceable possession three years before the filing of the bill.

*H. M. Parker,* for the defendant. The Rev. Sts. c. 107, §§ 1, 13, 18, require that the bill to redeem be brought " within the three years limited for the redemption," and, like the *St.* of 1785, c. 22, § 2, that after entry by the mortgagee for breach of condition, " possession continued peaceably for three years shall forever foreclose the right of redemption." These provisions differ from the intermediate statutes of 1798, c. 77, § 1, and 1821, c. 85, § 1, and from the *St.* of 1815, c. 137, § 1, and the *St.* of Maine of 1821, c. 39, § 1, on which the cases of *Bigelow* v. *Willson,* 1 Pick. 485, and *Wing* v. *Davis,* 7 Greenl. 31, were respectively decided, each of which spoke of so many " years next after " the act done. On the midnight before this bill was filed, the defendant had been in possession three full years, including the day of his entry, which must be included, for he was certainly in possession on that day. *Presbrey* v. *Williams,* 15 Mass. 193. *Arnold* v. *United States,* 9 Cranch, 120. *Hampton* v. *Erenzeller,* 2 Browne, 18. 1 Bl. Com. (21st ed.), 463 *note.*

*E. G. Dudley,* for the plaintiff, cited *Bigelow* v. *Willson,* 1 Pick. 494; *Wiggin* v. *Peters,* 1 Met. 129; *Portland Bank* v. *Maine Bank,* 11 Mass. 204; *Farwell* v. *Rogers,* 4 Cush. 460; *Seekonk* v. *Rehoboth,* 8 Cush. 371; *Windsor* v. *China,* 4 Greenl. 298; *Wing* v. *Davis,* 7 Greenl. 31; *Berry* v. *Spear,* 13 Maine, 187; *Chase* v. *Gilman,* 15 Maine, 64; *Moore* v. *Bond,* 18 Maine, 142; *Judd* v. *Fulton,* 10 Barb. 117; *Weeks* v. *Hull,* 19 Conn.

376; *Vairin* v. *Edmonson*, 5 Gilman, 270; *State* v. *Schnierle*, 5 Rich. 299.

MERRICK, J. The only point in controversy between the parties, arising upon the demurrer to the bill, relates to the time when the present suit was commenced. The defendant insists that it was not seasonably instituted, and cannot therefore be maintained. This question must be determined by a consideration of the provisions of the statute bearing upon it. Under these provisions, a bill in equity for the redemption of real estate, subject to the incumbrance of an existing mortgage, may be brought, when possession has been taken of the mortgaged premises by the mortgagee for breach of condition, at any time within the three years during which peaceable possession must be held and continued by him, in order to foreclose the right of redemption. Rev. Sts. *c.* 107, § 18. This latter space or period of time is fixed and defined in another part of the same statute. In the first section, it is enacted, that after breach of the condition of a mortgage the mortgagee may obtain possession of the mortgaged premises, either by prosecuting an action at law, or by taking open and peaceable possession thereof in the presence of witnesses; and that such possession, being continued peaceably for three years, shall forever foreclose the right of redemption. In computing that time, is the day on which possession was obtained to be excluded; or reckoned as part of the intervening period which must elapse before the title of the mortgagee will become absolute ?

It is now well settled, as a general rule, that when an act is to be done within a given number of days from the date, or from the day of the date, the day of the date is to be excluded. The rule was expressed in these terms by this court in adjudicating upon the conflicting claims of municipal corporations, arising under the statute relative to the support and maintenance of paupers. *Seekonk* v. *Rehoboth*, 8 Cush. 371. So also where a party, on the 19th of April, contracted to convey a certain parcel of real estate within twenty days from that date, it was held that a conveyance of it by him, on the 9th of May following, to a third person, disabled him from fulfilling, and was

therefore a breach of his contract. *Buttrick* v. *Holden*, 8 Cush. 233. In the early case of *Bigelow* v. *Willson*, 1 Pick. 485, it was determined that the day, on which the deed of the officer, conveying to the purchaser the right in equity, sold on legal process, was executed, should be excluded from the computation, under the provision of the statute giving debtors the right to redeem their estates sold "within the year next after the time of the execution of the deed by the officer to the purchaser." See also 4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 5, § 17, *note*, where the same rule is deduced from many authorities cited.

This rule being conclusively established, it is only necessary to ascertain whether the provisions of the statute, relative to the foreclosure of the right of redemption of mortgaged real estate, are so expressed as to afford a proper occasion for its application. And of this we can entertain no doubt. Effectually to extinguish the mortgagor's right of redemption, possession of the mortgaged premises must first be obtained, in one of the methods prescribed by law; and then the possession, so obtained, must be continued peaceably for the term of three years afterwards. The continuance must necessarily commence after the entry has been made and the possession acquired; and as the law does not take notice of fractional parts of a day, except in particular instances when it becomes necessary to observe with minuteness the succession of events, the continuance of the possession commences the day following that on which the possession is taken. The full term of three years is therefore to be computed after excluding the day on which the possession has already been taken.

This reasoning is decisive of the present case, and shows that the objection, that the suit was commenced too late, cannot be sustained.                    *Demurrer overruled.*